The opinion of the Court was delivered by
Bermudez, C. J.
The accused was indicted for making an assault by wilfully shooting at one Louis Cook! He. was tried. The jury rendered the following verdict: “We, the jury, find tlie prisoner guilty of the above charge.”
The defendant was sentenced to two years’ imprisonment at hard labor, and appeals to this Court.
The record contains a bill of exception, from which it appears that, outlie 23d of December, 1881, op motion of the District Attorney, the court ordered the minutes of the 13th previous, to be so changed as to add to the same the words: “ Said verdict beiug in wilting and written upon the face of the information under .the charge;” and also on the same day the following:
“State op Louisiana, ) vs. [No. 221. [ Green Howard. )
“ In this ease, the prisoner being present in open court, the court ordered that the minutes of December 13th bo amended in the presence of the prisoner, in accordance with the facts, so as to show that the said verdict, being in writing and written upon the face of tlie informatiou under the charge.”
The bill avers that, to the action of the court, the defendant, hy counsel, objected upon the ground, “ that the prisoner has been sentenced and au appeal has been granted in this case, before the said alterations *370 of the minutes, and upon the further ground that such alteration of the minutes cannot be made upon the oral motion of the State’s Attorney, without any written motion to that effect.” . .
The objections are without merit.
It is well settled that the court has tho right to correct its minutes so as to have them to conform with truth by a correct statement of facts, at any time, even after appeal, particularly wheu this is done in open court and in tho presence of tlie accused, who does not charge falsity against the corrections and consequent injury to him. 31 A. 387, 406, 557; 32 A. 1227; Bishop Crim. Prac. 2d Ed. Vol. I, Secs. 1161 and 1162.
It is settled that it is not essential to embody in the verdict tho name of the accused, or to insert the offense charged. 30 A. 832; 31 A. 717; 32 A. 854.
Tho minutes as corrected establish with all required precision that the accused was convicted of the offense for which he was indicted.
It was not necessary that tlie motion of the District Attorney should have been offered in writing. Motions are reduced to writing for the convenience of the clerk and the court, although it is customary to secure a regularity and precision in tlie proceedings, to draw them up in writing. The court could, of its own motion, independent of any application, have ordered the correction of its minutes, in the presence of the accused, or notice to Mm, where the correction is material. It is sufficient, when a motion is made orally, that it be afterwards correctly reduced to writing, and entered bn the minutes of the court accordingly.
Judgment affirmed.